## ROSENTHAL v SCHROER

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5602. Decided Nov. 13, 1939

Jerome Goldman, Cincinnati, for appellant.

Frank K. Bowman, Cincinnati, for appellee.

## OPINION

By ROSS, J.

This is an appeal on questions of law from a judgment of the Municipal Court of Cincinnati.

Plaintiff in his bill of particulars alleges that he was employed as a Liquor Store Clerk in a store in the City of Cincinnati, operated by the Department of Liquor Control of the State of Ohio, that the defendant was at that time Supervisor of all stores in the district in which such store was located and was the plaintiff's supervisor.

Plaintiff further alleges that, prompted by malicious and ulterior motives the defendant "ordered plaintiff transferred to Liquor Store Warehouse", where plaintiff was assigned to do common labor work, not authorized or permitted under his classification as clerk.

Plaintiff further states that he objected to such transfer, informed the defendant that such assignment was in violation of his rights under the Civil Service laws of the State of Ohio, and that he refused to do such work and that "said defendant thereupon suspended the plaintiff without pay for thirty days, contrary to the laws of Ohio and in violation of plaintiff's rights as an employee in the classified service."

Plaintiff further alleged that the defendant forwarded to plaintiff an order of the department whereby he was permanently removed from such service, but that on appeal to the Civil Service Commission he was reinstated in his position as clerk and that the Civil Service Commission stated it had no jurisdiction as to the supervisor.

Now it is to be noted that this is not an action against the defendant for causing the suspension of the plaintiff by virtue of defamatory reports to the Department of Liquor Control. The charge in the Bill of Particulars is that the defendant wrongfully and maliciously suspended the plaintiff.

The evidence in the case would sustain a finding by the trier of facts that the defendant had maliciously misrepresented the conduct of the plaintiff to the employing authority, and caused such authority to suspend him.

The evidence does not sustain the allegation that the defendant suspended him or had authority so to do. Even if the action were construed to be an action for defamation, it would be abated by reason of the death of the defendant. §11397, GC.

Nor is the action drafted under those authorities which permit recovery for maliciously procuring the discharge of an employee. Cooley on Torts, Vol. 2, page 182, Sec. 226. And we are not, therefore, called upon to discuss the modification, if any, of the rule where the procurer is a superior employee of the state.

The evidence clearly shows that the plaintiff was suspended by the Director of Liquor Control for the State of Ohio. The action is not directed against this person.

We quote a letter from this department of the State of Ohio, under date of August 31st, 1937:

"August 31, 1937.

Mr. Walter Rosenthal,
3458 Knott Street,
Cincinnati, Ohio.
Dear Mr. Rosenthal:

In accordance with the recommendation of your District Supervisor, you are being suspended for thirty days without pay for the purpose of discipline.

This suspension is effective as of August 31, 1937.

Very truly yours,
Jesse J. Gilbert,
Assistant to Director."

It is our conclusion, therefore, that the trial court was correct in rendering judgment in favor of the defendant, and its judgment is affirmed.

HAMILTON, PJ. and MATTHEWS, J., concur.